# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**SHANICE D. JONES,**
**Claimant Below, Petitioner**

**FILED**
**December 23, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-274**        (JCN: 2023014356)

**WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES**,
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Shanice Jones appeals the June 5, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent WV Department of Health and Human Resources ("DHHR") timely filed a response.[1] Ms. Jones did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Jones was employed by Mildred Mitchell-Bateman Hospital as an exercise specialist. Ms. Jones completed a DHHR Employee First Report of Injury on January 9, 2023. She listed the date of injury as "approx. 10/6/2022." Ms. Jones stated that on the date of the alleged injury she was performing exercises with patients, including stretching, kickboxing, chair dips, and dancing. Further, Ms. Jones indicated that after these exercises, she was pulling a cart and carrying a speaker on her shoulder when she felt pain in her right shoulder. Ms. Jones stated that she stopped working due to right shoulder pain on December 26, 2022.

On October 19, 2022, Ms. Jones was seen by Tina Ngoc Ly, M.D., for chronic health issues. Dr. Ly noted that Ms. Jones complained of right shoulder pain, and that she suffered

---

[1] Ms. Jones is represented by Patrick K. Maroney, Esq. DHHR is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

1

an injury several years ago when a patient hit her with a chair. Dr. Ly referred Ms. Jones to an orthopedic walk-in clinic.

On October 20, 2022, Ms. Jones was treated by Matthew Stover, D.O. Dr. Stover noted that Ms. Jones complained of right shoulder pain, and that she had a prior injury to her right shoulder. Ms. Jones stated that she did not have a recent injury. Further, Ms. Jones indicated that she would like to try a cortisone injection, as she had experienced relief with one several years ago. Dr. Stover diagnosed right shoulder pain and administered an injection to her right shoulder.

On November 17, 2022, Ms. Jones followed-up with Dr. Stover, who noted that Ms. Jones had some relief from the injection, but that she still had right shoulder pain. Dr. Stover diagnosed right shoulder pain, shoulder weakness, and shoulder impingement. He recommended an MRI to evaluate for a possible rotator cuff tear. The MRI was performed on December 22, 2022, and the impression was focal full-thickness tear of the anteriormost fibers of the supraspinatus with mild supraspinatus tendinopathy, biceps tenosynovitis, and subacromial/subdeltoid bursitis.

On January 3, 2023, Dr. Stover reviewed the MRI of Ms. Jones' right shoulder, which showed a tear of the anterior supraspinatus with a type II acromion and what appeared to be biceps tendinitis with a possible tear. Ms. Jones indicated that she was interested in surgery. On March 13, 2023, Dr. Stover performed a right shoulder arthroscopy with extensive debridement of the labrum, subacromial decompression, and rotator cuff repair. In addition to a supraspinatus tear, Dr. Stover noted extensive bursitis and fraying of the labrum.

On January 27, 2023, the claim administrator issued an order rejecting Ms. Jones' claim. The claim administrator noted that an investigation of the circumstances and events surrounding the alleged injury demonstrated sufficient inconsistencies and contradictions, which led to the conclusion that Ms. Jones was not injured in the course of and as a result of her employment. Ms. Jones protested this order.

Ms. Jones submitted a statement by her coworker, Leslie Gore, CNA, dated April 19, 2023. Ms. Gore stated that in early October 2022, Ms. Jones was working with patients when she returned to the office and stated that her shoulder was hurting. Ms. Gore indicated that this continued until a doctor took Ms. Jones off work.

On July 27, 2023, Dr. Stover completed a work excuse for Ms. Jones, indicating that she should be excused from work from July 27, 2023, to August 25, 2023. On September 5, 2023, Dr. Stover completed an additional work excuse, which indicated that Ms. Jones should be excused from work until September 6, 2023, and that she should be restricted to light duty upon her return.

On September 21, 2023, Ms. Jones gave a deposition regarding her claim. She testified that her job involved doing exercises with patients. When asked about what happened on or about October 6, 2022, Ms. Jones said that she did not know. Ms. Jones indicated that she was scheduled to do core exercises around that time, which involved dumbbells and repetitive movements in her shoulders and arms. Ms. Jones stated that she complained to Ms. Gore and asked her Clinical Director for Advil due to the pain in her right shoulder. Ms. Jones testified that she he told Dr. Stover that she was an exercise specialist but did not tell him how she thought her injury occurred. Further, Ms. Jones indicated that she returned to the DHHR after her surgery in March 2023, but is no longer doing the same duties as before the alleged injury. Ms. Jones also stated that she had a prior injury to her right shoulder in 2016, when a patient threw a chair and it hit her right shoulder.[2]

On June 5, 2024, the Board affirmed the claim administrator's order, which rejected the claim. The Board found that Ms. Jones does not know when or how she was injured. Further, the Board noted that Ms. Jones was injured years before when a patient hit her with a chair. The Board considered Ms. Jones' claim in light of *Gill v. City of Charleston,* 236 W. Va. 737, 783 S.E.2d 857 (2016) and *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022). The Board concluded that the reports of Drs. Ly and Stover do not establish that Ms. Jones sustained an injury in October of 2022. It is from this order that Ms. Jones now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

---

[2] The record contains medical records from 2016, which indicate that Ms. Jones was treated by Dr. Stover for a right shoulder injury and pain.

3

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Ms. Jones argues that she has met the provisions under West Virginia Code § 23-4-1 (2021), which provides for benefits to employees who receive an injury in the course of and resulting from their covered employment.[3] Further, Ms. Jones argues that the Board incorrectly found that her medical history and treatment of her shoulder were similar to *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), as her previous injury was a compensable work-related injury to her right shoulder, and she sustained a discrete new injury while performing duties for her employer. We disagree.

In order for a claim to be held compensable, three elements must coexist: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970).

The Supreme Court of Appeals of West Virginia held in *Gill*, 236 W. Va. 737, 783 S.E.2d 857:

A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Id*. at 738, 783 S.E.2d at 858, syl. pt. 3.

The Supreme Court clarified its position in *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022), holding:

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical

---

[3] West Virginia Code § 23-4-1 (2024) provides, in part, "workers' compensation benefits shall be paid to the employees of employers subject to this chapter who have received personal injuries in the course of and resulting from their covered employment. . . ."

evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive, it may be rebutted by the employer.

*Id*. at 294, 879 S.E.2d at 781, syl. pt. 5.

Moreover, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order rejecting the claim.

Here, the Board found that the preponderance of the evidence does not establish that Ms. Jones was injured in the course of and resulting from her employment in or around October of 2022. On October 19, 2022, while being treated by Dr. Ly, Ms. Jones complained of right shoulder pain and indicated that she had a history of injury years before when a patient hit her with a chair. Further, as noted by the Board, on October 22, 2022, Ms. Jones told Dr. Stover that she had an injury to her right shoulder several years ago, but that she did not have a particular recent injury. The Board also found that Ms. Jones did not know how or when she was injured. Although Ms. Jones asserts that her injury was cumulative in nature, she did not submit medical evidence to support this claim. Further, none of the medical evidence in the record specifically mentions an injury in or around October of 2022. The Board's conclusion that Ms. Jones failed to demonstrate that she sustained an injury in the course of and resulting from her employment is supported by substantial evidence.

Ms. Jones also argues that the Board incorrectly found that her medical history and treatment were similar to *Gill*, 236 W. Va. at 737, 783 S.E.2d at 857, and that she sustained a discrete new injury while performing duties for her employer. However, the Board noted that Ms. Jones had a prior history of a right shoulder injury in 2016 and ultimately found that a causal relationship between Ms. Jones' employment duties in October of 2022 and her right shoulder condition was not established. We find no merit in Ms. Jones' argument. Finding no error, we affirm the Board's June 5, 2024, order.

Affirmed.

**ISSUED:** December 23, 2024

5

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating